**Richard M. Weaver & Associates**
5601 Airport Freeway
Fort Worth, TX 76117

Bar Number:   21010820
Phone:   (817) 222-1108

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | |
|---|---|---|---|
| In re: **Erika Antoinette Kennedy** | xxx-xx-8270 | § | Case No:   **18-45078-13** |
| 3104 Bloomfield Court | | § | Date:   **1/11/2019** |
| Plano, TX 75093 | | § | Chapter 13 |
| | | § | |
| | | § | |

Debtor(s)

## DEBTOR'S(S') CHAPTER 13 PLAN
## (CONTAINING A MOTION FOR VALUATION)

### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions.*

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☐ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☑ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order").  All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | | |
|---|---|---|
| Plan Payment:   **$4,300.00** | Value of Non-exempt property per § 1325(a)(4):   **$0.00** |
| Plan Term:   **60 months** | Monthly Disposable Income per § 1325(b)(2):   **$480.54** |
| Plan Base:   **$258,000.00** | Monthly Disposable Income x ACP ("UCP"):   **$28,832.40** |
| Applicable Commitment Period:   **60 months** | |

Case No:   18-45078-13
Debtor(s):   **Erika Antoinette Kennedy**

---

**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim.  Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

**SECTION I**
**DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS**
**FORM REVISED 7/1/17**

A. **PLAN PAYMENTS:**

    *Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

    **$4,300.00**  per month, months  **1**  to  **60** .

    For a total of  **$258,000.00**  (estimated "*Base Amount*").

    First payment is due  **1/27/2019** .

    The applicable commitment period ("ACP") is  **60**  months.

    Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is:  **$480.54** .

    The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than:  **$28,832.40** .

    *Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than:  **$0.00** .

B. **STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

    1. **CLERK'S FILING FEE:**  Total filing fees paid through the *Plan*, if any, are  **$0.00**  and shall be paid in full prior to disbursements to any other creditor.

    2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:**  *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

    3. **DOMESTIC SUPPORT OBLIGATIONS:**  The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant.  Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| **Attorney General/Child Support Division** | **$2,550.00** | | **Direct Pay** | |
| **Marcus Sallis** | **$0.00** | | **Direct Pay** | |

C. **ATTORNEY FEES:** To  **Richard M. Weaver & Associates** , total:  **$3,700.00** ;  **$1,550.00**  Pre-petition;  **$2,150.00**  disbursed by the *Trustee.*

Case No: 18-45078-13
Debtor(s): **Erika Antoinette Kennedy**

---

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Freedom Mortgage Corporation** **Homestead** | **$18,981.00** | **6/1/18-12/1/18** | **0.00%** | **Month(s) 1-42** | **Pro-Rata** |

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| **Freedom Mortgage Corporation** **Homestead** | **59 month(s)** | **$3,109.65** | **3/1/19** |

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Freedom Mortgage Corporation** **Homestead** | **$6,219.30** | **1/1/19-2/1/19** | **0.00%** | **Month(s) 1-42** | **Pro-Rata** |

**E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| **Conn's HomePlus** **Household Goods** | **$2,031.00** | **$1,000.00** | **0.00%** | | **Pro-Rata** |
| **Conn's HomePlus** **Household Goods** | **$1,661.00** | **$500.00** | **0.00%** | | **Pro-Rata** |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

**E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|

Case No: 18-45078-13
Debtor(s): **Erika Antoinette Kennedy**

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| **Preston Village HOA** **HOA** | **$5,657.50** | **0.00%** | | **Pro-Rata** |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

## F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

## G. SECURED CREDITORS - PAID DIRECT BY DEBTOR:

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| **Global Mex Trading LLC** | **2015 Mercedes C300** | **$5,000.00** |
| **SNAP RTO LLC** | **Blue Chair** | **$1,000.00** |

## H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

## I. SPECIAL CLASS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| **MOHELA/Debt of Ed** | **$5,325.00** | **Direct Pay** | |
| **MOHELA/Debt of Ed** | **$2,612.00** | **Direct Pay** | |
| **Nelnet Loans** | **$1,790.00** | **Direct Pay** | |
| **Nelnet Loans** | **$846.00** | **Direct Pay** | |
| **Nelnet Loans** | **$812.00** | **Direct Pay** | |
| **Nelnet Loans** | **$192.00** | **Direct Pay** | |

Case No:   18-45078-13
Debtor(s):   **Erika Antoinette Kennedy**

JUSTIFICATION: _____
_____

## J.   UNSECURED CREDITORS:

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| **Capio Partners Llc** | **$51.00** | |
| **Capital One** | **$1,186.00** | |
| **Capital One** | **$734.00** | |
| **Chase Auto Finance** | **$500.00** | |
| **Citibank/Shell Oil** | **$871.00** | |
| **Comenity Bank/Victoria Secret** | **$814.00** | |
| **Conn's HomePlus** | **$1,031.00** | **Unsecured portion of the secured debt (Bifurcated)** |
| **Conn's HomePlus** | **$1,161.00** | **Unsecured portion of the secured debt (Bifurcated)** |
| **Crescent Bank & Trust, Inc.** | **$500.00** | |
| **Fingerhut** | **$1,611.00** | |
| **First Premier Bank** | **$528.00** | |
| **Synchrony Bank/Care Credit** | **$725.00** | |
| **Synchrony Bank/TJX** | **$3,003.00** | |
| **United Revenue Corp** | **$564.00** | |
| **United Revenue Corp** | **$382.00** | |
| TOTAL SCHEDULED UNSECURED: | **$13,661.00** | |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____**100%**_____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

## K.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| **SNAP RTO LLC** | **Assumed** | **$0.00** | | |

### SECTION II
### DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS
### FORM REVISED 7/1/17

## A.   SUBMISSION OF DISPOSABLE INCOME:

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

## B.   ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B). The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

## C.   ATTORNEY FEES:

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the ***Debtor's(s')*** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

Case No: 18-45078-13
Debtor(s): **Erika Antoinette Kennedy**

---

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*. Such creditors shall retain their liens.

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment*.

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

### E.(1) SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

### E.(2) SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee*.

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

Case No:   18-45078-13
Debtor(s):   **Erika Antoinette Kennedy**

---

### F.   SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation.  Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

### G.   DIRECT PAYMENTS BY DEBTOR(S):

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

### H.   PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

### I.   CLASSIFIED UNSECURED CLAIMS:

Classified unsecured claims shall be treated as allowed by the Court.

### J.   GENERAL UNSECURED CLAIMS TIMELY FILED:

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

### K.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

### L.   CLAIMS TO BE PAID:

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim.  If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims.  Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

### M.   ADDITIONAL PLAN PROVISIONS:

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

### N.   POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer.  If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance.  If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

### O.   CLAIMS NOT FILED:

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

Case No:  18-45078-13
Debtor(s):  **Erika Antoinette Kennedy**

---

**P.  CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

**Q.  CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.  BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

**S.  NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T.  DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

**U.  ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

Case No:  18-45078-13
Debtor(s):  **Erika Antoinette Kennedy**

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims.  These claims must be designated to be paid pro-rata.

### V.  POST-PETITION CLAIMS:

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed.  To the extent necessary, *Debtor(s)* will modify this *Plan*.

### W.  TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:

See the provisions of the General Order regarding this procedure.

Case No:   18-45078-13
Debtor(s):   **Erika Antoinette Kennedy**

---

## SECTION III
## NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*.  Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Richard Weaver**
Richard Weaver, Debtor's(s') Attorney                    Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Richard Weaver**                                   **21010820**
Richard Weaver, Debtor's(s') Counsel                     State Bar Number

**/s/ Erika Antoinette Kennedy**
Erika Antoinette Kennedy, Debtor

Case No: 18-45078-13
Debtor(s): **Erika Antoinette Kennedy**

---

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the    **11th day of January, 2019**    :

(List each party served, specifying the name and address of each party)

Dated:    **January 11, 2019**                      **/s/ Richard Weaver**
                                                         Richard Weaver, Debtor's(s') Counsel

3439 Mcfarlin Units LLC
920 E Park Blvd #210
Plano, TX 75074

Care Credit
PO Box 276
Mailcode OH 3-425
Dayton, OH 45401-0276

Conn's HomePlus
xxxxx1130
Attn: Bankruptcy
PO Box 2358
Beaumont, TX 77704

Attorney General of Texas
Bankruptcy Section
400 S Zang Blvd Ste 500
Dallas, TX 75208-6640

Chase Auto Finance
xxxxxxxx7232
National Bankruptcy Dept
201 N Central Ave MS AZ1-1191
Phoenix, AZ 85004

Crescent Bank & Trust, Inc.
xxxxx2699
Attn: Bankruptcy
PO Box 61813
New Orleans, LA 70161

Attorney General/Child Support
Division
xxxx6525
Attn: Bankruptcy
PO Box 12017
Austin, TX 78711

Citibank/Shell Oil
xxx8723
Centralized Bankruptcy
PO Box 790034
St Louis, MO 63179

Dept of Ed/Aspire Resourses Inc
xxxxxxxxxxxx0001
Attn: Bankruptcy
PO Box 659705
West Des Moines, IA 50265

Capio Partners Llc
xxxx0245
ATTN: Bankruptcy
PO Box 3498
Sherman, TX 75091

Codilis & Stawlarski PC
650 N. Sam Houston Pkwy. East Ste
450
Houston, TX 77060

Erika Antoinette Kennedy
3104 Bloomfield Court
Plano, TX 75093

Capital One
xxxxxxxxxxxx2096
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130

Comenity Bank/Victoria Secret
xxxxxxxxxxxx6086
Attn: Bankruptcy Dept
PO Box 182125
Columbus, OH 45318

FHA Single Family Loan Mtg -
US Dept of Housing & Urban HUD
801 Cherry St Unit 45
Fort Worth, TX 76102-6882

Capital One
xxxxxxxxxxxx5111
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130

Conn's HomePlus
xxxxx1131
Attn: Bankruptcy
PO Box 2358
Beaumont, TX 77704

Fingerhut
xxxxxxxxxxxx9076
Attn: Bankruptcy
PO Box 1250
Saint Cloud, MN 56395

Case No:   18-45078-13
Debtor(s):   **Erika Antoinette Kennedy**

---

First Premier Bank
xxxxxxxxxxxx7546
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117

MOHELA/Debt of Ed
xxxxxxxxxxxxx0001
Attn: Bankruptcy
633 Spirit Dr
Chesterfield, MO 63005

Progressive Leasing
256 West Data Drive
Draper, UT 84020

Freedom Mortgage Corporation
xxxxxx2355
Attn: Bankruptcy
PO Box 50428
Indianapolis, IN 46250

Nelnet Loans
xxxxxxxxxxx7874
Attn: Claims
PO Box 82505
Lincoln, NE 68501

Resource One Credit Union
xxxxxx0143
7518 Ferguson Rd
Attn: Bankruptcy Dept/ Sidney Burkins
Dallas, TX 75228

Global Mex Trading LLC
11520 N Central Expressway Ste 221
Dallas, TX 75243

Nelnet Loans
xxxxxxxxxxx7974
Attn: Claims
PO Box 82505
Lincoln, NE 68501

Shelia Page
920 E Park Blvd #210
Plano, TX 75074

IRS
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA  19101-7346

Nelnet Loans
xxxxxxxxxxx8074
Attn: Claims
PO Box 82505
Lincoln, NE 68501

Snap Finance
1760 W 2100 S#26561
Salt Lake City, UT 84199

IRS- Special Procedures Staff
Bankruptcy: Mail Code 502DAL
1100 Commerce Street RM 9a20
Dallas, TX 75242

Nelnet Loans
xxxxxxxxxxx8174
Attn: Claims
PO Box 82505
Lincoln, NE 68501

SNAP RTO LLC
PO Box 26561
Salt Lake City, UT 84126

Ksa Servicing
xxxxxxxxxx0401
Attn: Bankruptcy Dept
PO Box 90759
Raleigh, NC 27675

NTTA
Violation Processing Center
PO Box 260928
Plano, TX  75026-0928

Stephanie Mullinax
1400 FM 424 #124
Crossroads, TX 76227

Marcus Sallis
711 Colten James Lane
Dallas, TX 75204

Pam Bassel
7001 Blvd. 26
North Richland Hills, TX  76180

Synchrony Bank/Care Credit
xxxxxxxxxxxx2375
Attn:  Bankruptcy Dept
PO Box 965061
Orlando, FL 32896

MOHELA/Debt of Ed
xxxxxxxxxxxxx0002
Attn: Bankruptcy
633 Spirit Dr
Chesterfield, MO 63005

Preston Village HOA
xxxxx0314
1800 Preston Park Blvd Ste 101
Plano, TX 75093

Synchrony Bank/TJX
xxxxxxxxxxxx4652
Attn:  Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

Case No: 18-45078-13
Debtor(s): **Erika Antoinette Kennedy**

---

United Revenue Corp
xxx1868
204 Billings St
Suite 120
Arlington, TX 76010


United Revenue Corp
xxx6064
204 Billings St
Suite 120
Arlington, TX 76010


US Dept of Education
xxxxxxxxxxx1174
Attn: Bankruptcy
PO Box 16448
Saint Paul, MN 55116


US Dept. of Hud - Title 1
52 Corporate Circle
Albany, NY 12203-5121



Usaa Federal Savings Bank
xxxxxxxxxxxx8330
Attn: Bankruptcy
10750 McDermott Freeway
San Antonio, TX 78288


Veterans Adm. Dept of Veteran's
Affairs
Regional Office Finance Sec. (24)
One Veterans Plaza
701 Clay Avenue
Waco, TX 76799-0001


Victoria Secret
PO Box 659728
San Antonio, Texas 78265-9728

**Richard M. Weaver & Associates**
5601 Airport Freeway
Fort Worth, TX 76117

Bar Number: **21010820**
Phone: **(817) 222-1108**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**
Revised 10/1/2016

IN RE: **Erika Antoinette Kennedy**     xxx-xx-8270 §     CASE NO: **18-45078-13**
3104 Bloomfield Court §
Plano, TX 75093 §
§
§

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS     DATED: <u>1/11/2019</u>

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| | First (1) | Second (2) (Other) |
|---|---|---|
| Periodic Payment Amount | | **$4,300.00** |
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $429.50 | $430.00 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $52.50 | $0.00 |
| **Subtotal Expenses/Fees** | **$487.00** | **$430.00** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$3,813.00** | **$3,870.00** |

**CREDITORS SECURED BY VEHICLES (CAR CREDITORS):**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

Total Adequate Protection Payments for Creditors Secured by Vehicles: **$0.00**

**CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):**

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| Freedom Mortgage Corporation | Homestead | 3/1/19 | $372,800.00 | $378,718.00 | $3,109.65 |

Payments for Current Post-Petition Mortgage Payments (Conduit): **$3,109.65**

Case No:   18-45078-13
Debtor(s):   Erika Antoinette Kennedy

## CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|------|-----------|------------------|---------------------|-------------------------------|-----------------------------------|
| | Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: | | | | **$0.00** |

### TOTAL PRE-CONFIRMATION PAYMENTS

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **$2,150.00** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$3,109.65** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above. All disbursements which are in a specified monthly amount are referred to as "per mo". At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED: __1/11/2019_____

**/s/ Richard Weaver**
Attorney for Debtor(s)

**/s/ Erika Antoinette Kennedy**
Debtor

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE:  **Erika Antoinette Kennedy** _____          CASE NO.  **18-45078-13**

_____
*Debtor*

_____          CHAPTER  **13**

_____
*Joint Debtor*

**CERTIFICATE OF SERVICE**

_____

    I, the undersigned, hereby certify that on January 11, 2019, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).


**/s/ Richard Weaver** _____
Richard Weaver
Bar ID:21010820
Richard M. Weaver & Associates
5601 Airport Freeway
Fort Worth, TX 76117
(817) 222-1108

_____

| | | |
|---|---|---|
| 3439 Mcfarlin Units LLC<br>920 E Park Blvd #210<br>Plano, TX 75074 | Capital One<br>xxxxxxxxxxxx2096<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | Citibank/Shell Oil<br>xxx8723<br>Centralized Bankruptcy<br>PO Box 790034<br>St Louis, MO 63179 |
| Attorney General of Texas<br>Bankruptcy Section<br>400 S Zang Blvd Ste 500<br>Dallas, TX 75208-6640 | Capital One<br>xxxxxxxxxxxx5111<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | Codilis & Stawlarski PC<br>650 N. Sam Houston Pkwy. East Ste 450<br>Houston, TX 77060 |
| Attorney General/Child Support Division<br>xxxx6525<br>Attn: Bankruptcy<br>PO Box 12017<br>Austin, TX 78711 | Care Credit<br>PO Box 276<br>Mailcode OH 3-425<br>Dayton, OH 45401-0276 | Comenity Bank/Victoria Secret<br>xxxxxxxxxxxx6086<br>Attn: Bankruptcy Dept<br>PO Box 182125<br>Columbus, OH 45318 |
| Capio Partners Llc<br>xxxx0245<br>ATTN: Bankruptcy<br>PO Box 3498<br>Sherman, TX 75091 | Chase Auto Finance<br>xxxxxxxx7232<br>National Bankruptcy Dept<br>201 N Central Ave MS AZ1-1191<br>Phoenix, AZ 85004 | Conn's HomePlus<br>xxxxx1131<br>Attn: Bankruptcy<br>PO Box 2358<br>Beaumont, TX 77704 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE:  **Erika Antoinette Kennedy**

*Debtor*

CASE NO.  **18-45078-13**

CHAPTER  **13**

*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

| | | |
|---|---|---|
| Conn's HomePlus<br>xxxxx1130<br>Attn: Bankruptcy<br>PO Box 2358<br>Beaumont, TX 77704 | Freedom Mortgage Corporation<br>xxxxx2355<br>Attn: Bankruptcy<br>PO Box 50428<br>Indianapolis, IN 46250 | MOHELA/Debt of Ed<br>xxxxxxxxxxxx0001<br>Attn: Bankruptcy<br>633 Spirit Dr<br>Chesterfield, MO 63005 |
| Crescent Bank & Trust, Inc.<br>xxxxx2699<br>Attn: Bankruptcy<br>PO Box 61813<br>New Orleans, LA 70161 | Global Mex Trading LLC<br>11520 N Central Expressway Ste 221<br>Dallas, TX 75243 | Nelnet Loans<br>xxxxxxxxxxx7874<br>Attn: Claims<br>PO Box 82505<br>Lincoln, NE 68501 |
| Dept of Ed/Aspire Resourses Inc<br>xxxxxxxxxxxxx0001<br>Attn: Bankruptcy<br>PO Box 659705<br>West Des Moines, IA 50265 | IRS<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA  19101-7346 | Nelnet Loans<br>xxxxxxxxxxx7974<br>Attn: Claims<br>PO Box 82505<br>Lincoln, NE 68501 |
| Erika Antoinette Kennedy<br>3104 Bloomfield Court<br>Plano, TX 75093 | IRS- Special Procedures Staff<br>Bankruptcy: Mail Code 502DAL<br>1100 Commerce Street RM 9a20<br>Dallas, TX 75242 | Nelnet Loans<br>xxxxxxxxxxx8074<br>Attn: Claims<br>PO Box 82505<br>Lincoln, NE 68501 |
| FHA Single Family Loan Mtg -<br>US Dept of Housing & Urban HUD<br>801 Cherry St Unit 45<br>Fort Worth, TX  76102-6882 | Ksa Servicing<br>xxxxxxxxxx0401<br>Attn: Bankruptcy Dept<br>PO Box 90759<br>Raleigh, NC 27675 | Nelnet Loans<br>xxxxxxxxxxx8174<br>Attn: Claims<br>PO Box 82505<br>Lincoln, NE 68501 |
| Fingerhut<br>xxxxxxxxxxxx9076<br>Attn: Bankruptcy<br>PO Box 1250<br>Saint Cloud, MN 56395 | Marcus Sallis<br>711 Colten James Lane<br>Dallas, TX 75204 | NTTA<br>Violation Processing Center<br>PO Box 260928<br>Plano, TX  75026-0928 |
| First Premier Bank<br>xxxxxxxxxxxx7546<br>Attn: Bankruptcy<br>PO Box 5524<br>Sioux Falls, SD 57117 | MOHELA/Debt of Ed<br>xxxxxxxxxxxx0002<br>Attn: Bankruptcy<br>633 Spirit Dr<br>Chesterfield, MO 63005 | Pam Bassel<br>7001 Blvd. 26<br>North Richland Hills, TX  76180 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE: __Erika Antoinette Kennedy_____ CASE NO. **18-45078-13**
*Debtor*

_____ CHAPTER **13**
*Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #2)

| | | |
|---|---|---|
| Preston Village HOA<br>xxxxx0314<br>1800 Preston Park Blvd Ste 101<br>Plano, TX 75093 | Synchrony Bank/Care Credit<br>xxxxxxxxxxx2375<br>Attn: Bankruptcy Dept<br>PO Box 965061<br>Orlando, FL 32896 | Veterans Adm. Dept of Veteran's Affairs<br>Regional Office Finance Sec. (24)<br>One Veterans Plaza<br>701 Clay Avenue<br>Waco, TX 76799-0001 |
| Progressive Leasing<br>256 West Data Drive<br>Draper, UT 84020 | Synchrony Bank/TJX<br>xxxxxxxxxxxx4652<br>Attn: Bankruptcy Dept<br>PO Box 965060<br>Orlando, FL 32896 | Victoria Secret<br>PO Box 659728<br>San Antonio, Texas 78265-9728 |
| Resource One Credit Union<br>xxxxxx0143<br>7518 Ferguson Rd<br>Attn: Bankruptcy Dept/ Sidney Burkins<br>Dallas, TX 75228 | United Revenue Corp<br>xxx1868<br>204 Billings St<br>Suite 120<br>Arlington, TX 76010 | |
| Shelia Page<br>920 E Park Blvd #210<br>Plano, TX 75074 | United Revenue Corp<br>xxx6064<br>204 Billings St<br>Suite 120<br>Arlington, TX 76010 | |
| Snap Finance<br>1760 W 2100 S#26561<br>Salt Lake City, UT 84199 | US Dept of Education<br>xxxxxxxxxxx1174<br>Attn: Bankruptcy<br>PO Box 16448<br>Saint Paul, MN 55116 | |
| SNAP RTO LLC<br>PO Box 26561<br>Salt Lake City, UT 84126 | US Dept. of Hud - Title 1<br>52 Corporate Circle<br>Albany, NY 12203-5121 | |
| Stephanie Mullinax<br>1400 FM 424 #124<br>Crossroads, TX 76227 | Usaa Federal Savings Bank<br>xxxxxxxxxxxx8330<br>Attn: Bankruptcy<br>10750 McDermott Freeway<br>San Antonio, TX 78288 | |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE:   **Erika Antoinette Kennedy**

CASE NO.   **18-45078-13**

CHAPTER   **13**

## Certificate of Service

I, the undersigned hereby certify that a copy of the foregoing Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines was served upon the following parties of interest via 1st class mail.

Date:   **1/11/2019**

**/s/ Richard Weaver**
**Richard Weaver**
Attorney for the Debtor(s)

3439 Mcfarlin Units LLC
920 E Park Blvd #210
Plano, TX 75074

Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130

Comenity Bank/Victoria Secret
Attn: Bankruptcy Dept
PO Box 182125
Columbus, OH 45318

Attorney General of Texas
Bankruptcy Section
400 S Zang Blvd Ste 500
Dallas, TX 75208-6640

Care Credit
PO Box 276
Mailcode OH 3-425
Dayton, OH 45401-0276

Conn's HomePlus
Attn: Bankruptcy
PO Box 2358
Beaumont, TX 77704

Attorney General/Child Support Division
Attn: Bankruptcy
PO Box 12017
Austin, TX 78711

Chase Auto Finance
National Bankruptcy Dept
201 N Central Ave MS AZ1-1191
Phoenix, AZ 85004

Conn's HomePlus
Attn: Bankruptcy
PO Box 2358
Beaumont, TX 77704

Capio Partners Llc
ATTN: Bankruptcy
PO Box 3498
Sherman, TX 75091

Citibank/Shell Oil
Centralized Bankruptcy
PO Box 790034
St Louis, MO 63179

Crescent Bank & Trust, Inc.
Attn: Bankruptcy
PO Box 61813
New Orleans, LA 70161

Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130

Codilis & Stawlarski PC
650 N. Sam Houston Pkwy. East Ste 450
Houston, TX 77060

Dept of Ed/Aspire Resourses Inc
Attn: Bankruptcy
PO Box 659705
West Des Moines, IA 50265

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE:  **Erika Antoinette Kennedy**

CASE NO.  **18-45078-13**

CHAPTER  **13**

## Certificate of Service

(Continuation Sheet #1)

| | | |
|---|---|---|
| FHA Single Family Loan Mtg - US Dept of Housing & Urban HUD 801 Cherry St Unit 45 Fort Worth, TX 76102-6882 | IRS Centralized Insolvency Operations PO Box 7346 Philadelphia, PA 19101-7346 | Nelnet Loans Attn: Claims PO Box 82505 Lincoln, NE 68501 |
| Fingerhut Attn: Bankruptcy PO Box 1250 Saint Cloud, MN 56395 | IRS- Special Procedures Staff Bankruptcy: Mail Code 502DAL 1100 Commerce Street RM 9a20 Dallas, TX 75242 | Nelnet Loans Attn: Claims PO Box 82505 Lincoln, NE 68501 |
| First Premier Bank Attn: Bankruptcy PO Box 5524 Sioux Falls, SD 57117 | Ksa Servicing Attn: Bankruptcy Dept PO Box 90759 Raleigh, NC 27675 | Nelnet Loans Attn: Claims PO Box 82505 Lincoln, NE 68501 |
| Freedom Mortgage Corporation Attn: Bankruptcy PO Box 50428 Indianapolis, IN 46250 | Marcus Sallis 711 Colten James Lane Dallas, TX 75204 | NTTA Violation Processing Center PO Box 260928 Plano, TX 75026-0928 |
| Freedom Mortgage Corporation Attn: Bankruptcy PO Box 50428 Indianapolis, IN 46250 | MOHELA/Debt of Ed Attn: Bankruptcy 633 Spirit Dr Chesterfield, MO 63005 | Pam Bassel 7001 Blvd. 26 North Richland Hills, TX 76180 |
| Freedom Mortgage Corporation Attn: Bankruptcy PO Box 50428 Indianapolis, IN 46250 | MOHELA/Debt of Ed Attn: Bankruptcy 633 Spirit Dr Chesterfield, MO 63005 | Preston Village HOA 1800 Preston Park Blvd Ste 101 Plano, TX 75093 |
| Global Mex Trading LLC 11520 N Central Expressway Ste 221 Dallas, TX 75243 | Nelnet Loans Attn: Claims PO Box 82505 Lincoln, NE 68501 | Progressive Leasing 256 West Data Drive Draper, UT 84020 |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE:   **Erika Antoinette Kennedy**

CASE NO.   **18-45078-13**

CHAPTER   **13**

### Certificate of Service

(Continuation Sheet #2)

---

Resource One Credit Union
7518 Ferguson Rd
Attn: Bankruptcy Dept/ Sidney Burkins
Dallas, TX 75228

Synchrony Bank/TJX
Attn:  Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

Victoria Secret
PO Box 659728
San Antonio, Texas 78265-9728

Richard M. Weaver & Associates
5601 Airport Freeway
Fort Worth, TX 76117

United Revenue Corp
204 Billings St
Suite 120
Arlington, TX 76010

Shelia Page
920 E Park Blvd #210
Plano, TX 75074

United Revenue Corp
204 Billings St
Suite 120
Arlington, TX 76010

Snap Finance
1760 W 2100 S#26561
Salt Lake City, UT 84199

US Dept of Education
Attn: Bankruptcy
PO Box 16448
Saint Paul, MN 55116

SNAP RTO LLC
PO Box 26561
Salt Lake City, UT 84126

US Dept. of Hud - Title 1
52 Corporate Circle
Albany, NY  12203-5121

Stephanie Mullinax
1400 FM 424 #124
Crossroads, TX 76227

Usaa Federal Savings Bank
Attn: Bankruptcy
10750 McDermott Freeway
San Antonio, TX 78288

Synchrony Bank/Care Credit
Attn:  Bankruptcy Dept
PO Box 965061
Orlando, FL 32896

Veterans Adm. Dept of Veteran's Affairs
Regional Office Finance Sec. (24)
One Veterans Plaza
701 Clay Avenue
Waco, TX  76799-0001